UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN SCOTT EWING,<br><br>    Defendant. | CASE NO. 25-mc-00070-JHC<br><br>ORDER |

    This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. # 6. The Court has considered the motion, the rest of the file, and the governing law.

    "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

    Plaintiff clearly does not make either showing. He does not identify any new legal authority that requires the Court to reach a different conclusion. Nor does he show the Court made any error in its prior ruling, much less a manifest error. Instead, Plaintiff says, "inexplicitly [sic] the Clerk arbitrarily relabeled [his complaint] as a 'Criminal Removal' under

ORDER - 1

Case No. 25-mc-070-JHC" when he intended to file a civil rights action. Dkt. # 6 at 2. But the second paragraph of Plaintiff's Complaint plainly says that he intended to remove his state court criminal case: "Defendant Kevin S. Ewing acting Pro per [*sic*], hereby gives notices of removal of the above-captioned action from the Superior Court of Washington in and for Skagit County . . . to the United States District Court for the Western District of Washington." Dkt. # 1 at 2. And he seeks removal under 28 U.S.C. § 1441(a) because his case "could have been originally filed in this Court due to the substantial federal questions presented." *Id.* at 3. Yet federal district courts do not have jurisdiction over state court criminal actions, like the case originally filed against Plaintiff. *See Scheidler v. Avery*, 2015 WL 7294544, at *13 (W.D. Wash. Nov. 17, 2015), *aff'd,* 695 F. App'x 188 (9th Cir. 2017) ("Only the U.S. Attorney can initiate criminal proceedings in federal court."). Further, as the Court previously explained, federal district courts do not have jurisdiction to hear direct appeals from state court decisions and they must decline jurisdiction whenever they are, in effect, asked to review a state court's decision. Dkt. # 4.

Thus, the Court DENIES the motion.

Dated this 25th day of November, 2025.

John H. Chun
United States District Judge

ORDER - 2